DECISION
Before the Court are the issues of the priorities for a variety of lien holders who have encumbered property located on Valley Street in Providence, formerly known as the *Page 2 
Paragon Mills. A number of mechanics' liens were recorded upon the property at different times. Some citations were answered by mortgagees and other lien holders, some were not. The liens evolved into the above-referenced cases and therefore these cases are consolidated only for the purpose of this determination of priorities, and this Decision.
G.L. 1956 § 34-28-16 gives a lien holder priority over the title owners and mortgagees if the title owners and mortgagees do not timely answer the citation.
 34-28-16 Entry of appearance and filing of account or claim — (a) The liens, under § 34-28-1, 34-28-2, 34-28-3, or 34-28-7, of all persons . . . and the title, claim, lease, mortgage, attachment, or other lien or encumbrances of all persons . . . to or in the property which is the subject matter of the complaint, except the persons who have recorded the lien or encumbrances before the filing of the complaint and who have not been served with or mailed a citation as provided in § 34-28-25 and who have no actual knowledge, on or before the return day, of the pendency of the complaint, shall be subordinated to the claim of the plaintiff, and persons claiming liens pursuant to this chapter, and any other person having any mortgage, attachment, or other lien or encumbrance who have entered an appearance as a party in the cause, unless the person shall, within twenty (20) days after the return day, or within such other time as may be allowed by the superior court pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure enter an appearance as a party in the cause commenced by the complaint . . . (emphasis added).
Wachovia[1] argues, in part, that no lien claimant has answered all liens and the Court will therefore be unable to appropriately establish priority in a consistent manner as a variety of priorities result, depending on which claim is considered. (Wachovia Post-hearing Memo. June 11, 2010, p. 2.). Such confusion need not result as the ranking of priorities is established clearly the statutes.
§ 34-28-16 resolves the issue. The failure to timely contest the claim pursuant to the statute results in a lost of the mortgagee's priority status. Northern Site Contractors v. SBER *Page 3 Royal Mills, LLC., et al, (KM No. 2008-1190 May 1, 2009, p. 5.) Accordingly, Wachovia has lost its priority over the claims of Rossi, Mousseau, Apollo, Phalanx, Jesmac and H.S.I. Construction. As it answered the lien citations of Dillon, H. Carr, H.W. Ellis, Kitchens International, and Cinco, Wachovia retains its priority over those liens. Consortium retains its priority over all liens as it responded to all liens. Therefore, lien holders who are ahead of the mortgage holders in one category, and lien holders who are junior to any mortgage holder who property maintained their priority by filing a claim timely are in a junior category.
The priority of the respective liens to one another is established by G.L. 1956 § 34-28-25:
 • First, § 34-28-25 (a)(3) requires that the liens senior to the mortgages "be separated from the liens junior . . ., and the senior liens shall be senior, . . . and the junior liens shall be junior." The liens of Rossi, Mousseau, Apollo, Phalanx, Jesmac and H.S.I. are therefore separated from the Wachovia mortgages and other liens, and are therefore senior to them. Each of these six senior lien holders share pro rata in the distribution of funds, as required by § 34-28-25 (a)(1).
 • Second, next in priority are the mortgagees. Consortium responded to each of the six senior lienors. Consortium's claim is, therefore, senior to these six lien holders. Consortium remains senior to Wachovia (who did not respond to the six lien holders) until the six lien holders (listed in the preceding paragraph) are paid in full.
 • Third, the next in priority, after the six lien holders and the mortgagees are the remaining liens of Dillon, H. Carr, H.W. Ellis, Kitchens International and Cinco. *Page 4 
 These liens are junior pursuant to § 34-28-25 (a)(3). These junior lien holders receive distribution pro rata as described in § 34-28-25 (a)(l).
This establishment of priority not only follows the parameters set forth by § 34-28-25, but it is consistent with the subordination of other lienors who were served with a citation but who do not timely respond, as described in § 34-28-16 (a). It is also consistent with the Court's application of "equity and good conscience" as set forth in § 34-28-25 (b), which is to be applied when the priority is not defined by statute.
The parties may shall submit any necessary Orders to effectuate this Decision forthwith.
[1] The reference to Wachovia includes Wachovia Community Development Enterprise V, LLC and Wachovia Bank, N.A.